UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

----------------------------------------------------------------

**J & J SPORTS PRODUCTIONS, INC.,** as
Broadcast Licensee of the **May 1, 2010,**
**Mayweather/Mosley** Broadcast,                    **COMPLAINT**

                        Plaintiff,              Civil Action No.

    -against-

DOLORES SAMUELS HAYES and RONALD
HAYES, Individually, and as officers, directors,
shareholders and/or principals of MINGLES GRILL
LLC, d/b/a MINGLES GRILL,

and

MINGLES GRILL LLC, d/b/a MINGLES GRILL,

                        Defendants.

----------------------------------------------------------------

    Plaintiff, **J & J SPORTS PRODUCTIONS, INC.,** (hereinafter referred to as "Plaintiff"),

by its attorneys, LONSTEIN LAW OFFICE, P.C., complaining of Defendants herein, respectfully

sets forth and alleges, as follows:

### JURISDICTION AND VENUE

    1. This action is brought pursuant to 47 U.S.C. §§ 553 or 605.

    2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C.

§ 1331, which states that the district courts shall have original jurisdiction of all civil actions arising

-1-

under the Constitution, laws or treaties of the United States.

    3. All contractual conditions precedent have been fulfilled.

    4. Upon information and belief, venue is proper in this Court, pursuant to 28 U.S.C.

§ 1391(b) and 28 U.S.C. § 98(c) because, *inter alia,* the corporate defendant is doing business within the State of Louisiana.

    5. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or have independently transacted business in the State of Louisiana and certain activities of Defendants giving rise to this action took place in the State of Louisiana; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals, which took place within the Western District of Louisiana. Moreover, upon information and belief, Defendants have their principal place of business within the State of Louisiana; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

    6. The plaintiff is a California corporation with its principal place of business located at 2380 So. Bascom Avenue, Suite 200, Campbell, CA 95008.

    7. Upon information and belief, Defendant, DOLORES SAMUELS HAYES, resides at 126 Mayfair Drive, Shreveport, LA 71107.

    8. Upon information and belief, Defendant, RONALD HAYES, resides at 329 Griffin Street, Shreveport, LA 71101.

9. Upon information and belief, Defendants, DOLORES SAMUELS HAYES and RONALD HAYES, are officers, directors, shareholders and/or principals of MINGLES GRILL LLC, d/b/a MINGLES GRILL.

10.  Upon information and belief, Defendants, DOLORES SAMUELS HAYES and RONALD HAYES, were the individuals with supervisory capacity and control over the activities occurring within the establishment on May 1, 2010.

11.  Upon information and belief, Defendants, DOLORES SAMUELS HAYES and RONALD HAYES, were the individuals with close control over the internal operating procedures and employment practices of MINGLES GRILL LLC, d/b/a MINGLES GRILL, on May 1, 2010.

12.  Upon information and belief, Defendants, DOLORES SAMUELS HAYES and RONALD HAYES, received a financial benefit from the operations of MINGLES GRILL LLC, d/b/a MINGLES GRILL, on May 1, 2010.

13.  Upon information and belief, Defendant, MINGLES GRILL LLC, d/b/a MINGLES GRILL, is a business entity, the exact nature of which is unknown, having its principal place of business at 2711 Alkay Drive, Shreveport, LA   71118.  It's *Registered Agent* is Ronald Hayes, located at 329 Griffin Street, Shreveport, LA   71101.

14.  Upon information and belief, Defendant, MINGLES GRILL LLC, d/b/a MINGLES GRILL, is a Domestic Corporation, incorporated and licensed to do business in the State of Louisiana.

15.  Upon information and belief, Defendant, MINGLES GRILL, is a partnership licensed to do business in the State of Louisiana.

16. Upon information and belief, Defendant, MINGLES GRILL, is a sole proprietorship

-3-

licensed to do business in the State of Louisiana.

## COUNT I

17. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "16," inclusive, as though set forth herein at length.

18. By contract, Plaintiff was granted the right to distribute the **Mayweather/Mosley** Broadcast, including all undercard bouts and the entire television broadcast, scheduled for **May 1, 2010,** (hereinafter referred to as the "Broadcast"), via closed circuit television and via encrypted satellite signal. The Broadcast originated via satellite uplink, and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

19. Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities in the State of Louisiana, allowing them to publicly exhibit the Broadcast to their patrons.

20. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to transmit the Broadcast to those entities in the State of Louisiana.

21. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendants and/or their agents, servants, workmen and/or employees unlawfully intercepted, received and/or de-scrambled said satellite signal, and did exhibit the Broadcast at the above-captioned address and/or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

22. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to

-4-

intercept Plaintiff's broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing the Broadcast, including, (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business. In addition, emerging technologies, such as broadband or internet broadcast, as well as "slingbox" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. Each of these methods would allow Defendants to access the Broadcast unlawfully. Prior to Discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast. However, it is logical to conclude that Defendants either used an illegal satellite receiver, misrepresented their business establishment as a residence or removed an authorized receiver from one location to a different business location in order to intercept Plaintiff's broadcast.

23. 47 U.S.C. § 605(a) prohibits the unauthorized reception and publication or use of communications such as the transmission herein, to which Plaintiff held the distribution rights.

24. By reason of the aforementioned conduct, Defendants herein willfully violated 47 U.S.C. § 605(a).

25. By reason of Defendants' violation of 47 U.S.C. § 605(a), Plaintiff has a private right of action pursuant to 47 U.S.C. § 605.

26. As a result of Defendants' willful violation of 47 U.S.C. § 605(a), Plaintiff is entitled

to damages, in the discretion of this Court, under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii), of up to the maximum amount of $110,000.00 as to each Defendant herein.

27. Pursuant to 47 U.S.C. § 605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

**COUNT II**

28. Plaintiff hereby incorporates paragraphs "1" through "27," inclusive, as though fully set forth herein at length.

29. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendants and/or their agents, servants, workmen and/or employees did exhibit the Broadcast at the above-captioned address or addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

30. 47 U.S.C. § 553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system, such as the transmission herein, to which Plaintiff had the distribution rights.

31. Upon information and belief, Defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

32. By reason of the aforementioned conduct, Defendants herein willfully violated 47 U.S.C. § 553, thereby giving rise to a private right of action.

33. As a result of Defendants' violation of 47 U.S.C. § 553, Plaintiff is entitled to damages in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the

recovery of full costs, interest and reasonable attorney's fees.

34. Without further discovery from and/or admission by Defendants, Plaintiff cannot determine if Defendants intercepted Plaintiff's signal via a cable system, in violation of 47 U.S.C. § 553, or via a satellite transmission, in violation of 47 U.S.C. § 605. As such, Plaintiff is alleging two (2) counts in its Complaint. Plaintiff recognizes that Defendants can be liable for only one (1) of these statutes.

WHEREFORE, Plaintiff requests that judgment be entered in its favor and against each Defendant herein, granting to Plaintiff the following:

(a) A finding that each Defendant's unauthorized exhibition of the **May 1, 2010, Mayweather/Mosley Broadcast** violated the Federal Communications Act and that such violations were committed willfully and for purposes of each Defendant's direct or indirect commercial advantage or for private financial gain; and

(b) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to each Defendant for its willful violation of 47 U.S.C. § 605(a); or

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to each Defendant for its violation of 47 U.S.C. § 553; and

(d) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or § 553(c)(2)(C), together with such other and further relief as this Court may deem just and proper.

Dated: September 10, 2010
       Ellenville, New York

**J & J SPORTS PRODUCTIONS, INC.**

By: /s/Julie Cohen Lonstein
       JULIE COHEN LONSTEIN, ESQ.
       Attorney for Plaintiff
       LONSTEIN LAW OFFICE, P.C.
       Office and P.O. Address
       1 Terrace Hill : P.O. Box 351
       Ellenville, NY  12428
       Telephone:  (845) 647-8500
       Facsimile:  (845) 647-6277
       Email: Info@signallaw.com
       *Our File No.  10-12LA-W01V*


/s/M. Sean Reid
M. Sean Reid, Esq.
Resident Counsel
LA. Bar No. 27622
Law Office of M. Sean Reid, LLC
700 St. John Street, Suite 401
Lafayette, LA 70501
Telephone: (337)233-2417
Facsimile: (337)233-8417
Email: sean@msreidlaw.com